UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DYKES,

    Plaintiff,                                    Case No. 18-cv-11528
                                            Hon. Matthew F. Leitman

v.

BRYAN FULLER, *et al.*,

    Defendants.

_____/

**<u>ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 37) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 36), (2) ADOPTING THE DISPOSITION RECOMMENDED BY THE MAGISTRATE JUDGE, (3) GRANTING MOTIONS FOR SUMMARY JUDGMENT BY DEFENDANTS FULLER AND SEARFOSS (ECF Nos. 12, 25), AND (4) SUA SPONTE DISMISSING CLAIM AGAINST DEFENDANT ARBOGAST WITHOUT PREJUDICE</u>**

Plaintiff Robert Dykes is an inmate in the custody of the Michigan Department of Corrections (the "MDOC"). On April 18, 2018, Dykes brought this pro se action under 42 U.S.C. § 1983 against Sergeant Brian Fuller, Sergeant Searfoss, and food service supervisor Arbogast (collectively, "Defendants"). (*See* Compl., ECF No. 1.) Dykes alleges that Defendant Fuller abused his authority and discriminated against Dykes and that Defendants Searfoss and Arbogast retaliated against Dykes because Dykes filed a grievance against Fuller. Fuller and Searfoss have been served with the Complaint; Arbogast has not been served.

Defendants Fuller and Searfoss have moved for summary judgment on the ground that Dykes failed to properly exhaust his administrative remedies before filing this action. (*See* ECF Nos. 12, 25.) On August 7, 2019, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court grant Defendants Fuller and Searfoss' motions for summary judgment (the "R&R"). (*See* R&R, ECF No. 36.) The Magistrate Judge also recommended that the Court *sua sponte* dismiss Dykes' claims against Arbogast because the record makes clear that Dykes failed to exhaust his administrative remedies against Arbogast. Dykes has now filed timely objections to the R&R (the "Objections"). (*See* Objections, ECF No. 37.)

For the reasons explained below, the Court **OVERRULES** the Objections (ECF No. 37), **ADOPTS** the disposition recommended by the Magistrate Judge (ECF No. 36), **GRANTS** Defendants Fuller and Searfoss' motions for summary judgment (ECF Nos. 12, 25), and **SUA SPONTE DISMISSES** Dykes' suit against Defendant Arbogast.

# I

## A

Dykes claims that, on May 6, 2017, Defendant Fuller wrongly revoked his bond and placed him on "toplock/non-bond." (*See* Compl., ECF No. 1, PageID.4.) Dykes says that this action by Fuller prevented him from working for six days. (*See*

*id.*) On May 7, 2017, Dykes filed a grievance against Fuller in which he accused Fuller of discrimination and abusing governmental power ("the Abuse of Power Grievance"). (*See* Abuse of Power Grievance, ECF No. 1-1, PageID.14.) The Abuse of Power Grievance provided, in its entirety:

> On 5-6-17 Sgt. Fuller reviewed me on a bondable class one. He revoked my bond and placed me on non-bond, when I asked him why, (because I know at least (3) prisoners with the same misconduct whose bond was not revoked) and he stated "This is how its done here." There is no reason logged on the misconduct as to why my bond was revoked as expressed by Policy 03.03.105.
>
> Sgt. Fuller is in violation of abuse of governmental power, and discrimination. See PD 03.03.130.
>
> I cannot assert the names of the prisoners with the same misconduct who was not placed on non-bond, because of the last incident where individuals were retaliated against, but I will provide copies for review.

The MDOC rejected Dykes' Abuse of Power Grievance against Fuller as nongrievable on May 9, 2017. (*See* ECF No. 1-1, PageID.12–13.) Dykes appealed, and MDOC officials affirmed the rejection. (*See* ECF No. 1-1, PageID.15–18.)

On May 13, 2017, one day after Dykes returned to his job, Arbogast filed a misconduct report against Dykes in which he accused Dykes of consuming alcohol. (Misconduct Report, ECF No. 1-1, PageID.21.) Searfoss wrote a memorandum supporting Arbogast's misconduct report. (*See* Compl., ECF No. 1, PageID.5.) On June 14, 2017, a hearing officer held a hearing on the report (the "Arbogast

3

Misconduct Report Hearing"). At the conclusion of the hearing, the hearing officer ruled in Dykes' favor. (*See* Misconduct Hr'g Report, ECF No. 1-1, PageID.20.)

On June 21, 2017, one week after being found not guilty of the alcohol-related misconduct, Dykes filed a grievance against Arbogast and Searfoss in which he accused them of fabricating evidence (the "Fabricated Misconduct Report Grievance"). (*See* Fabricated Misconduct Report Grievance, ECF No. 1-1, PageID.25.) This grievance provided as follows:

> On 5/13/2017, Arbogast and Sgt. Searfoss fab[ri]cated a claim against me, and wrote me a ticket for substance abuse. I requested the camera footage, and was found "not guilty". Fab[ri]cating department documents constitute[s] falsifying documents, requiring discipline or termination, as it is a violation of department policy and work rules.
>
> A complaint has been filed with the Internal Affairs.

The MDOC rejected the False Misconduct Report Grievance as nongrievable. (*See* ECF No. 1-1, PageID.24.) Dykes then appealed to Step II, and that appeal was resolved against him. (*See* ECF No. 1-1, PageID.27-28.) Dykes next filed a Step III appeal. Dykes' Step III appeal requested, among other things, that "Internal Affairs" review his allegations against Arbogast and Searfoss. (*See* ECF No. 1-1, PageID.27.) The MDOC rejected his Step III appeal. (*See* ECF No. 1-1, PageID.29.)

Dykes filed a second grievance against Arbogast and Searfoss in which he requested, among other things, the restoration of pay that he missed (the "Pay

4

Grievance"). (*See* Pay Grievance, ECF No. 12-2, PageID.106.) The Pay Grievance provided as follows:

> I am being unlawfully disciplined without an explanation.
>
> On 6/9/2017, when I returned from my write, I was moved from G-140 to R-15 and placed in an observation cube, (without an explanation, as I am not a disciplinary problem) as a result I los[t] my pay rate at 0.23 and the opportunity to move up to 0.32 I am now at 0.17, (3) hours a day. I am entitled to a due process prior to being disciplined. I have done nothing.
>
> I would like to be paid for the days missed for the misconduct for which I was laid in for, and for which I was found not guilty of. I would also like to be given my pay rate back with the opportunity at a lead position.
>
> A complaint has been filed with the Internal Affairs.

The Pay Grievance was denied at Step I, (*see* ECF No. 12-2, PageID.106), and Dykes then appealed to Step II. At Step II, the Warden awarded Dykes catch-up pay for the work Dykes missed because of the allegedly false misconduct report. (*See* ECF No. 12-2, PageID.105–06.) Dykes then appealed to Step III. At this step, Dykes suggested – for the very first time in any of his grievances – that he had been "unlawfully retaliated against." (*See* ECF No. 12-2, PageID.104.) Dykes' Step III appeal says, in its entirety, "While the Step II Respondent claims to have paid me [$]6.12, I have not been able to verify it. Nevertheless, *I was unlawfully retaliated*

5

*against*." (*Id.* (emphasis added).) Dykes' Step III appeal was summarily denied without reference to any of his allegations. (*See* ECF No. 12-2, PageID.103.)

Dykes says that on the same day that he filed the False Misconduct Report Grievance and the Pay Grievance, he submitted a letter to the MDOC's internal affairs department (the "Internal Affairs Complaint").[1] (*See* Internal Affairs Complaint, ECF No. 1-1, PageID.31–33.) According to Dykes, he mailed the Internal Affairs Complaint to the following address: Internal Affairs Dept., P.O. Box 30003, Lansing, MI, 48909. (*Id.*, PageID.31.) The Internal Affairs Complaint does mention retaliation. In the complaint, Dykes writes, "I am being unlawfully singled out and retaliated against for exercising my right to file grievances." (*Id.*, PageID.31.) Dykes' complaint notes that Arbogast and Searfoss accused him of misconduct shortly after he filed his Abuse of Power Grievance against Fuller. (*See id.*) There is no record of an MDOC response to Dykes' Internal Affairs Complaint.

## B

Defendant Fuller filed a motion for summary judgment on February 11, 2019. (*See* Fuller Mot. for Summ. J., ECF No. 12.) Fuller argued that Dykes failed to properly exhaust all administrative remedies before he filed this lawsuit. (*Id.*, PageID.60.) Fuller primarily argued that Dykes did not exhaust his remedies for the

---

[1] As the Magistrate Judge notes, there is no evidence that the letter was sent to the internal affairs department. (*See* R&R, ECF No. 36, PageID.291.)

6

retaliation claim because Dykes did not raise that claim during the Arbogast Misconduct Report Hearing. (*See id.*, PageID.72–75; *see also* Fuller Reply, ECF No. 17, PageID.184 (citing *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011)).) But Fuller also argued that Dykes did not properly exhaust the remedies for his retaliation claims because he "failed to raise the issue of retaliation through the grievance process." (Fuller Mot. for Summ. J., ECF No. 12, PageID.75.) While Fuller introduced this argument concerning the grievance process as an "aside," he cited case law in support of it and set forth his reasoning clearly. (*See id.*, PageID.75–76.)

Defendant Searfoss filed his own motion for summary judgment on March 29, 2019. (*See* Searfoss Mot. for Summ. J., ECF No. 25.) Searfoss' brief expressly incorporated Fuller's brief. (*See id.*, PageID.238.)

Dykes offered three primary responses to the Defendants' motions. First, he argued that he did not need to raise his retaliation claim during the Arbogast Misconduct Report Hearing in order to exhaust his remedies for that claim. Second, he contended that he did sufficiently allege retaliation in the grievances he filed against the Defendants. Finally, he asserted that his internal affairs complaint put

Defendants on notice about his retaliation allegations. (*See* Dykes' Fuller Resp., ECF No. 16, PageID.181.[2])

## C

On August 7, 2019, the Magistrate Judge issued a Report and Recommendation on the two pending motions for summary judgment. (*See* R&R, ECF No. 36.) The Magistrate Judge rejected the Defendants' argument that Dykes was required to raise his retaliation claim during the Arbogast Misconduct Report Hearing and that his suit should be dismissed because he failed to do so. (*See id.*, PageID.282–84.) However, she agreed with the Defendants that Dykes failed to exhaust his retaliation allegations through the MDOC's grievance process. She explained that none of Dykes' Step I grievances properly raised the retaliation claim he asserts in this action. She added that while Dykes did mention retaliation in his Step III appeal of the Pay Grievance, that was insufficient to exhaust his administrative remedies because a prisoner may not raise a new issue in a Step III appeal. (*See id.*, PageID.287–91.) She next concluded that Dykes did not exhaust his administrative remedies for his retaliation claim by raising it in his internal affairs

---

[2] Dykes presented the arguments set forth above in a response to Fuller's motion that Dykes filed before Searfoss moved for summary judgment. But Dykes' Response to Searfoss' motion expressly incorporated the arguments Dykes made in response to Fuller's motion. (*See* Dykes' Searfoss Resp., ECF No. 27, PageID.243.) And, as noted above, the motions by Fuller and Searfoss substantially overlap. Thus, the arguments by Dykes in response to Fuller's motion apply to both motions.

8

complaint. (*See id.*, PageID.291–92.) Finally, she determined that Dykes failed to exhaust his remedies against Arbogast for the very same reasons that Dykes failed to exhaust his remedies against Fuller and Searfoss, and she therefore recommended that the Court *sua sponte* dismiss Dykes' suit against Arbogast. (*See id.*, PageID.292–94.)

On August 22, 2019, Dykes filed timely objections to the R&R. (*See* Objections, ECF No. 37.)

## II

Where a party objects to a portion of a Magistrate Judge's report and recommendation, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the report and recommendation to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III

Dykes' objections relate in large part to whether he exhausted his remedies before filing this action. Before turning to Dykes' specific objections, the Court will briefly review the governing exhaustion rules.

Under the Prison Litigation Reform Act ("PLRA"), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

9

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006) (quotations omitted). The PLRA requires exhaustion to "allow[] prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court . . . . and to improve the quality of suits that are filed by producing a useful administrative record." *Jones v. Bock*, 549 U.S. 199, 204 (2007). The prison's requirements, not the PLRA, "define the boundaries of proper exhaustion." *Id.* at 218.

The MDOC has a multi-step grievance procedure, PD 03.02.130, which prisoners must follow to exhaust their grievances. (*See* Grievance Policy, ECF No. 12-6.) First, the prisoner must attempt to informally resolve the problem with the offending staff. (*See id.* at ¶ P.) Second, the prisoner may file a Step I grievance about any unresolved issues. (*See id.*). Third, the prisoner may file a Step II grievance appeal. (*See id.* at ¶ BB.) Fourth, the prisoner may file a Step III grievance appeal. (*See id.* at ¶ FF.) Thus, a prisoner's administrative remedies are not exhausted, and he cannot file suit, until he has appealed his grievance through Step III.

The prisoner's grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory" to satisfy the exhaustion requirement. *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (quotations omitted). But the grievance, when liberally construed, must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id.*

### IV

Dykes has raised three objections to the R&R. The Court considers them individually below.

### A

Dykes first contends that Defendants waived their exhaustion of remedies defense to the extent that the defense is based upon Dykes' alleged failure to raise retaliation during the grievance process. He highlights that Defendants primarily argued in their summary judgment motion that he failed to exhaust his administrative remedies because he did not mention retaliation during the Arbogast Misconduct Report Hearing.

However, Fuller did raise his failure-to-exhaust-through-grievance-process argument in his motion, and he cited case law to support it. (*See* Fuller Mot. for Summ. J., ECF No. 12, PageID.74–76.) Defendant Searfoss then expressly

11

incorporated Fuller's brief, including the grievance exhaustion argument, into his own brief. (*See* Searfoss Mot. for Summ. J., ECF No. 25, PageID.238.) The grievance exhaustion argument was not, as Dykes argues, "made in passing without proper development." *Johnson v. Williams*, 568 U.S. 289, 299 (2013)). And it was not waived.

In Dykes' first objection, he also argues that he did, in fact, exhaust his administrative remedies through the MDOC's grievance process. Dykes asserts that his grievances, if liberally construed, sufficiently "alleged that he was being unlawfully disciplined from [sic] false misconduct" in such a way that it "can be easily construed that the Plaintiff asserted a retaliation claim." (*Id.*, PageID.299.) But even when liberally construed, neither the Step I False Misconduct Report Grievance nor the Step I Pay Grievance suggests that Defendants committed the complained-of misconduct in retaliation for Dykes' prior grievances. Indeed, neither of those Step I grievances mentions any earlier conduct by Dykes at all, and thus neither grievance may fairly be read as alleging that Dykes was being disciplined in retaliation for something he had previously done.

Finally, Dykes has not persuaded this Court that he exhausted his administrative remedies by sending the Internal Affairs Complaint. Simply put, Dykes has not shown that sending that complaint to an MDOC post office box in Lansing was the proper way to raise his retaliation claim under MDOC policy. Nor

has Dykes cited any authority holding that a Michigan prisoner who had failed to properly raise a claim during the MDOC grievance process had nonetheless exhausted his remedies for the claim by sending a complaint to the MDOC's internal affairs staff at a Lansing post office box.

**B**

Dykes' second objection overlaps to some extent with his first objection. In the second objection, he takes issue with the Magistrate Judge's conclusion that he raised a new issue when he referred to retaliation in his Step III appeal of the Pay Grievance. (*See* Objections, ECF No. 37, PageID.301–02.) Dykes contends that his Pay Grievance at Step I and Step II did sufficiently allege retaliation and that the explicit reference to retaliation at Step III did not raise a new issue.

The Court disagrees. The text of the Pay Grievance at Step I – set forth above – clearly demonstrates that Dykes did not indicate in any way that he was complaining about retaliation. Thus, the reference to retaliation at Step III did raise a new issue and was not sufficient to exhaust his administrative remedies.

**C**

In Dykes' third objection, he argues that his suit against Arbogast should not be dismissed. However, as the Magistrate Judge noted, Dykes' claim against Arbogast is nearly identical to his claim against Fuller and Searfoss, and Dykes did not make any additional attempts to exhaust the remedies for his claim against

13

Arbogast. Dykes failed to properly exhaust the remedies for his claims against Arbogast for the same reasons – described above – that he failed to properly exhaust the remedies for his claims against Fuller and Searfoss. The Court therefore agrees with the Magistrate Judge that Dykes "clearly fail[ed] to exhaust his administrative remedies for claims asserted against [Arbgogast,]" and that sua sponte dismissal of the claims against Arbogast is appropriate. (R&R, ECF No. 36, PageID.293 (quotations omitted).)

## V

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Dykes' Objections to the R&R (ECF No. 37) are **OVERRULED**;

- The recommended disposition of the R&R (ECF No. 36) is **ADOPTED**;

- The motions for summary judgment by Defendants Fuller and Searfoss (ECF Nos. 12, 25) are **GRANTED,** and Dykes' action against Defendants Fuller and Searfoss is **DISMISSED WITHOUT PREJUDICE**; and

- Dykes' action against Arbogast is **DISMISSED WITHOUT PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764
